IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RALPH SUNY,**        Petitioner,<br><br>v.<br><br>**COMMONWEALTH OF PENNSYLVANIA; THE DISTRICT ATTORNEY OF THE COUNTY OF DELAWARE; and, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,**        Respondents. | **CIVIL ACTION**<br><br><br><br>**NO.  12-1469** |

**O R D E R**

**AND NOW**, this 26th day of February, 2014, upon consideration of Petition For W*rit of Habeas Corpus* Under 28 U.S.C. § 2254, the record in this case, the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski dated November 4, 2013, *pro se* Petitioner's Objections To Report and Recommendation, and the Response to Petitioner's Traverse, **IT IS ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski dated November 4, 2013, is **APPROVED** and **ADOPTED**;

2. Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

3. The Petition for *Writ of Habeas Corpus* Under 28 U.S.C. § 2254 is **DENIED** and **DISMISSED**; and,

4. A certificate of appealability will not issue in this case because defendant has failed to make (a) a credible showing that this Court's procedural rulings were incorrect, or (b) a substantial showing that the underlying *habeas* corpus petition alleges a deprivation of Constitutional rights.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has approved and adopted the Report and Recommendation ("R & R") of United States Magistrate Judge Lynne A. Sitarski dated November 4, 2014. *Pro* se Petitioner's Objections to the R & R are overruled for the reasons set forth below:

1.   Petitioner again challenges his DUI conviction in his Objections. He argues that the evidence at trial was insufficient to sustain a DUI conviction because his blood cocaine level at the time of the accident (144 ng/ml) was under the "cutoff level" of 150 ng/ml. This argument was presented to the magistrate judge and rejected; nothing new is added in the Objections.

The Pennsylvania DUI statute in effect at the time at issue in this case, former 75 Pa. Cons. Stat. Ann. § 3731(a)(2), did not require a threshold blood cocaine level for conviction; instead it provided that a person was guilty of DUI if he was under the influence of a controlled substance "to a degree which renders the person incapable of safe driving." The evidence presented at trial was sufficient to support the DUI conviction under that standard and trial counsel was not ineffective for failing to challenge the reliability of the testimony of the Commonwealth's toxicologist;

2.   Next, petitioner reasserts his claim that trial counsel was ineffective for failing to argue that his arrest was not supported by probable cause because it was based on "fabricated evidence". As set forth in the R & R, the Superior Court's conclusion that trial counsel was not ineffective on this ground is neither contrary to, nor an unreasonable application of, *Strickland v. Washington,* 466 U.S. 668 (1984), and it was not based on an unreasonable determination of the facts in light of the evidence presented;

3.   Next, petitioner objects to the analysis in the R & R of his claim that trial counsel was ineffective for failing to call several family members as alibi witnesses. As stated in the R & R, the state court considered this claim and credited defense counsel's testimony that, after

many conversations with petitioner's family, they were unable to provide a reliable alibi. This Court must defer to the judgment of the state court on questions of credibility, *see Werts v. Vaughn,* 228 F.3d 178,196 (3d Cir. 2000), where, as in this case, that determination of the state court was not unreasonable under 28 U.S.C. § 2254(d)(1)-(2);

    4.    Next, petitioner reiterates his argument that attorney Daubenberger had a conflict-of-interest when he represented petitioner during the early stages of the case. This issue was addressed by the state court which determined that petitioner failed to demonstrate an actual conflict-of-interest because attorney Daubenberger did not work for the District Attorney's office during petitioner's 2004 trial. The state courts conclusion on this issue not contrary to, nor an unreasonable application of, federal law governing conflict-of-interest claims, nor was it based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1)-(2);

    5.    Petitioner next objects to the recommendation in the R & R that the state courts reasonably concluded there was sufficient evidence to support the determination of the jury that petitioner had entered into three separate conspiracies rather than one. In the Objections petitioner merely repeats the same arguments raised and rejected in the R & R. The court concludes there was sufficient evidence presented in state court to support the conviction for three conspiracies under 18 Pa. Cons. Stat. Ann. § 903(a);

    6.    Petitioner next objects to the recommendation in the R & R that his claims concerning the sufficiency of the evidence supporting the September 8, 2003 burglary of Robertson's home are procedurally defaulted. In the Objections, petitioner appears to concede that these claims were not presented to the Pennsylvania courts either on direct appeal or on

collateral review. He now argues that he has demonstrated cause and prejudice to overcome the default because his attorneys were at fault for failing to raise these issues.

In order to demonstrate cause, petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule", *Fogg v. Phelps,* 414 Fed. Appx. 420, 429-30 (3d Cir. 2011) (quoting *Murray v. Carrier,* U.S. 478, 488 (1986). Although ineffective assistance of counsel can establish cause for procedural default if that ineffectiveness claim was properly raised before the state courts, *Edwards v. Carpenter* 529 U.S. 446, 452-53 (2000), petitioner failed to do so. Finally on this issue, to the extent that petitioner attempts to argue that his burglary conviction amounts to a fundamental miscarriage of justice, he has not demonstrated that he is entitled to take advantage of this exception to the procedural default doctrine because he has not shown that he is actually innocent of the crime charged. *See Schlup v. Delo*. 513 U.S. 298, 327 (1995); and,

7.  Finally, petitioner objects to the recommendation in the R & R that his due process claims concerning the alleged "false and misleading testimony" presented at trial were either procedurally defaulted or meritless under the framework of the *Antiterrorism and Effective Death Penalty Act of 1996*, Pub.L. 104-132, 110 Stat. 1214 (enacted April 24, 1996). This objection merely restates the arguments made and rejected by the magistrate judge, and they are rejected for the reasons stated by the magistrate judge in the R & R.

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

**DuBOIS, JAN E., J.**